# EXHIBIT A

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER: 136080<br>NAME: Eric A. Grover, Esq. (SBN 136080), Sarah R. Holloway, Esq. (SBN 254134)<br>FIRM NAME: Keller Grover LLP<br>STREET ADDRESS: 1965 Market Street<br>CITY: San Francisco STATE: CA ZIP CODE: 94103<br>TELEPHONE NO.: 415-543-1305 FAX NO.: 415-543-7861<br>EMAIL ADDRESS: eric.grover@kellergrover.com, sarah.holloway@kellergrover.com<br>ATTORNEY FOR (*name*): Plaintiff Debra Bachman | ELECTRONICALLY<br>**FILED**<br>***Superior Court of California, County of San Francisco***<br>**08/18/2026**<br>**Clerk of the Court**<br>**BY: MARIVIC VIRAY**<br>**Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS: 400 McAllister Street<br>CITY AND ZIP CODE: San Francisco, California 94102<br>BRANCH NAME: Civic Center Courthouse | |
| CASE NAME:<br>Bachman v. Garza Food Ventures, LLC d/b/a Siete Foods, et al. | |
| **CIVIL CASE COVER SHEET**<br>☒ **Unlimited** (Amount demanded exceeds $35,000) ☐ **Limited** (Amount demanded is $35,000 or less)<br>**Complex Case Designation**<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**CGC-26-640067**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Asbestos**
- ☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/Unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☒ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Song-Beverly Act: Motor Vehicle Lemon Law (49)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Employment Development Department (EDD)**
- ☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Comprehensive groundwater adjudication (47)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. ☒ monetary
b. ☒ nonmonetary; declaratory or injunctive relief
c. ☐ punitive

4. Number of causes of action *(specify):* Three

5. Is this case a class action suit? ☒ Yes ☐ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 18, 2026

Eric A. Grover, Esq.

Type or print name

Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/ non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition



**For your protection and privacy, please press the Clear button after you have printed the form.**

Print Save Clear

ERIC A. GROVER (SBN 136080)
eric.grover@kellergrover.com
SARAH R. HOLLOWAY (SBN 254134)
sarah.holloway@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

Attorneys for Plaintiff
DEBRA BACHMAN

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**08/18/2026**
**Clerk of the Court**
BY: MARIVIC VIRAY
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| DEBRA BACHMAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>GARZA FOOD VENTURES, LLC d/b/a SIETE FOODS; PEPSICO, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: **CGC-26-640067**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## CLASS ACTION COMPLAINT

1. Plaintiff Debra Bachman ("Plaintiff"), on behalf of herself and classes of similarly situated individuals defined below, brings this class action against Garza Food Ventures, LLC d/b/a Siete Foods ("Garza") and PepsiCo, Inc. ("PepsiCo") (collectively, "Defendants"), based on Defendants' false and deceptive advertising and labeling of their "Avocado Oil" processed snack products. Plaintiff makes the following allegations based on the investigation of counsel and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on her personal knowledge.

## INTRODUCTION

2. This class action lawsuit arises out of Defendants' use of false and deceptive marketing, advertising and product labeling to mislead consumers regarding their exclusive use of avocado oil in the manufacturing and preparation of their Siete brand processed snack products.

3. Over the past several years, avocado oil has gained popularity in the culinary and consumer worlds. It "has generated growing interest among consumers due to its nutritional and technological characteristics."[1] Avocado oil "is delicious, nutritious, and easy to use. It's rich in oleic acid, polyunsaturated fats, carotenoids, and other antioxidant-rich nutrients that are linked to improved heart, skin, and eye health."[2] It is reported to have a variety of health benefits, such as reducing arthritis and improving skin.

4. Because of its many reported benefits, consumers seek out products containing or "made with" avocado oil instead of other vegetable or seed oils and are willing to pay more for them. As a result of this demand, avocado oil is "increasingly incorporated into processed foods such as snack products, mayonnaise, and salad dressings."[3] Use of avocado oil in processed foods

---

[1] Flores, M., Saravia, C., Vergara, C., Avila, F., Valdés, H., Ortiz-Viedma, *Avocado Oil: Characteristics, Properties, and Applications,* NIH National Library of Medicine (Jun. 10, 2019) (available at: https://pmc.ncbi.nlm.nih.gov/articles/PMC6600360/) (last visited Aug. 12, 2026).

[2] Palsdottir, H., *Evidence-Based Health Benefits of Avocado Oil*, Healthline (Nov. 26, 2024) (available at: https://www.healthline.com/nutrition/9-avocado-oil-benefits) (last visited Aug. 12, 2026).

[3] Lopez-Alvarez, N., Li, X., Vizgordiski, B., Wang, S., *Authenticity of Avocado and Olive Oils Used as Ingredients in Commercially Processed Foods,* Applied Food Research, Vol. 6, Issue 2, at 1 (Dec. 2026)

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

is "often motivated by consumer interest in perceived nutritional benefits and marketing strategies that differentiate products from those formulated primarily with seed oils."[4]

5. Defendants make, market, and sell snack food products, including corn tortilla chips, grain free tortilla chips, potato chips, and grain free puff snacks (the "Class Products") to consumers under the Siete brand. The packaging on the Class Products prominently and unequivocally represents that they are "MADE WITH AVOCADO OIL" (the "*Avocado Oil Representation*"). The ingredients listed on the back labels for these products list avocado oil as the only fatty "oil" ingredient.

6. Reasonable consumers believe, based on the *Avocado Oil Representation*, that the Class Products are made ***only*** with pure authentic avocado oil and do not contain any other fatty oils, such as vegetable or seed oils. Unbeknownst to consumers, however, the Class Products are instead made or adulterated with lesser-value non-avocado oils. Scientific testing by the University of California, Davis ("UC Davis") has confirmed that Defendants' Siete brand products are not "made with" pure authentic avocado oil as represented.

7. From 2024 to 2026, Plaintiff purchased multiple Class Products from retailers in California. The Class Products purchased by Plaintiff prominently represented that they were "MADE WITH AVOCADO OIL" and listed avocado oil as the ***only*** fatty oil ingredient. Plaintiff read and relied on these statements when purchasing the Class Products. She would not have purchased the Class Products at the price she paid, or at all, had she known they were not made exclusively with pure avocado oil.

8. Defendants' false and misleading representations caused and continue to cause consumers economic harm because Plaintiff and proposed Class members purchased and paid a price premium for the Class Products based on Defendants' misleading *Avocado Oil Representations*.

---

("UC Davis Study") (available at: https://www.sciencedirect.com/science/article/pii/S2772502226007274) (last visited Aug. 16, 2026).

[4] *Id.*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

9. Plaintiff seeks relief in this action individually and on behalf of all other similarly situated individuals who purchased the falsely and deceptively labeled Class Products during the statute of limitations period, for violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, and California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

**PARTIES**

**Plaintiff**

10. Plaintiff is an individual and resident of California.

11. Plaintiff purchased multiple Class Products from 2024 to 2026 at various Costco, Target, and Walmart retail locations in California for personal consumption. Plaintiff saw and relied on Defendants' *Avocado Oil Representations* in making her purchases. Plaintiff reasonably believed, based on the *Avocado Oil Representations*, that she was purchasing products made ***only*** with pure authentic avocado oil and no other types of oil, and this belief was fundamental to her decision to purchase the Class Products. Had Plaintiff known that the Class Products were made with oils other than avocado oil, she would not have purchased them, or she would have paid less for them. Plaintiff has suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and deceptive practices, as alleged herein.

**Defendants**

12. Defendant Garza Food Ventures, LLC d/b/a/ Siete Foods (aka Siete Family Foods) ("Garza") is a self-described "Mexican-American food brand, rooted in family, that creates delicious heritage-inspired foods with thoughtfully selected ingredients."[5] It was founded in 2014 in Austin, Texas. Its principal address listed with the California Secretary of State is 3708 Woodbury Drive, Austin, TX 78704. Its mailing address listed with the California Secretary of State is 7701 Legacy Drive, Plano, TX 75024. Garza manufactures, labels, markets, distributes, and

[5] *See* https://sietefoods.com/about/our-story/ (last visited Aug. 12, 2026). Siete operates under both brand names "Siete Foods" and "Siete Family Foods." Both brands are d/b/a's of Garza Food Ventures LLC.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

sells the Siete brand Class Products at issue in this case online and at retail locations throughout California and the U.S.

13. Defendant PepsiCo, Inc. ("PepsiCo") is a publicly traded company incorporated in North Carolina. Its stock trades on the NASDAQ under the ticker PEP. In January 2025, PepsiCo acquired Garza and the Siete brands for $1.2 billion. PepsiCo manufactures, labels, markets, distributes, and sells the Siete brand Class Products at issue in this case through its wholly owned subsidiary, Garza.

14. PepsiCo's principal and mailing addresses listed with the California Secretary of State are 700 Anderson Hill Road Tax Department, Purchase, NY 10577.

15. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 50, inclusive, and therefore sues those Defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed and believes and, on that ground, alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this action under California Business & Professions Code §§ 17200, *et seq*., and 17500, *et seq*. and under California Civil Code §§ 1770 and 1780.

17. This Court has personal jurisdiction over the parties because Defendant continuously and systematically conducts business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and arose out of her contacts with Defendant from within California.

18. Venue is proper in this Court because California Code of Civil Procedure §§ 395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity, such as Siete and PepsiCo, fails to designate with the office of the California Secretary of State a principal office in California, it is subject to being sued in any county in the state that a plaintiff desires. On information and belief, as of the date this Complaint is filed, each individually named Defendant is

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

a foreign business entity that does not have a principal office in California listed with the office of the Secretary of State.

19. Venue also is proper under California Civil Code § 1780(d) as each individually named Defendant is doing business in this County.

## FACTUAL ALLEGATIONS

### A. The Class Products

20. The Class Products consist of various flavors of Defendants' Siete brand corn tortilla chips, grain free tortilla chips, potato chips, and grain free puff snacks. The Class Products are sold in various sizes, including 5 oz. (grain free tortilla chips), 5.5 oz. or 1.5 oz. (potato chips), 7.5 oz. (corn tortilla chips), and 4 oz. (grain free puff snacks) packages. Defendants prominently display their *Avocado Oil Representation* on each of the Class Products, stating unequivocally that the products are "MADE WITH AVOCADO OIL," often times with the words written on a picture of an avocado, in the same or similar manner on all Class Products, as set forth in the following representative images:

Siete Corn Tortilla Chips (various flavors):[6]




---

[6] Flavors of the corn tortilla chip Class Products include, without limitation, sea salt, lime, blue corn, taco seasoning, Mexican street corn, and three cheese nacho.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Siete Grain Free Tortilla Chips (various flavors):[7]




Siete Potato Chips (various flavors):[8]




[7] Flavors of grain free tortilla chip Class Products include, without limitation, sea salt, lime, nacho, dip chip, and jalapeno lime.

[8] Flavors of potato chip Class Products include, without limitation, sea salt, sea salt & vinegar, fuego, chipotle BBQ, chile lime, queso, spicy dill, habanero hot honey, and sour crema & onion.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

<u>Siete Grain Free Puff Snacks (various flavors):</u>[9]




21. The *Avocado Oil Representation* on each of the Class Products conveys the unequivocal message that the Class Products are made ***solely*** with pure authentic avocado oil and no other fatty oils. The picture of an avocado on many of the products confirms that representation.

22. This message is also reinforced by the ingredients listed on the Class Products' back labels, which list avocado oil as the ***only*** fatty "oil" ingredient, as reflected in the following representative images:

---

[9] Flavors of grain free puff snack Class Products include, without limitation, fuego, queso, and chile lime.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

<u>Siete Corn Tortilla Chips (various flavors)</u>:




<u>Siete Grain Free Tortilla Chips (various flavors)</u>:



KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Siete Potato Chips (various flavors):




Siete Grain Free Puff Snacks (varius flavors):




23. Defendants do not disclose anywhere that the Class Products are adulterated or "made with" any other fatty oils, and ***not*** solely "made with" avocado oil as represented. Reasonable consumers, like Plaintiff, thus reasonably believe that the Class Products are made ***exclusively*** with pure authentic avocado oil based on the *Avocado Oil Representations.*

24. The Class Products, however, are not made solely with avocado oil. To the contrary,

independent testing performed by scientific researchers at UC Davis found that the fatty acid and sterol profiles of the Class Products show that they are ***definitively not*** made with only avocado oil, and are adulterated or "made with" other fatty oils instead. Defendants' unequivocal *Avocado Oil Representations* on the Class Products' labels are, thus, false and deceptive.

**B. The Class Products Are Not Exclusively "Made With" Avocado Oil**

***i. International Standards for Identifying Avocado Oil Authenticity***

25. Concerns regarding the authenticity of high-value edible oils are well documented, particularly for avocado oil. "Numerous studies have demonstrated that products marketed as avocado oil may be partially or wholly substituted with lower-cost vegetable oils or refined oils, resulting in mislabeling and economic adulteration."[10] In response, a range of analytical approaches based on fatty acid composition, sterol profiles, and other minor components have been developed and applied to assess oil authenticity and support regulatory oversight.[11]

26. Fatty acids are the chemical building blocks of fats, and sterols are certain organic compounds found in fats. Each type of edible oil contains certain proportions of the various fatty acids and sterols. These proportions are expressed in the form of ranges, effectively creating a "fingerprint" using the reference ranges unique to each type of oil. Authenticity of a particular oil is measured by evaluating the unique ratios of specific components, such as oleic acid, campesterol, stigmasterol, and cis-vaccenic acid, which differ significantly between avocado oils and vegetable, seed, and other oils.

27. This unique "fingerprint" is codified by the Food and Agriculture Organization of the United Nations ("FAO") in the Codex Alimentarius[12] ("Codex"), which is a collection of internationally recognized standards, guidelines, and codes of practice adopted by the Codex

---

[10] *Id.*

[11] *Id.*

[12] Latin for "Food Code," the Codex "is a collection of internally adopted food standards and related texts presented in a uniform manner. These food standards and related texts aim at protecting consumers' health and ensuring fair practices in the food trade. The publication of the Codex Alimentarius is intended to guide and promote the elaboration and establishment of definitions and requirements for foods to assist in their harmonization and in doing so to facilitate international trade." *See* https://www.fao.org/fao-who-codexalimentarius/about-codex/en/#c453333 (last visited Aug. 13, 2026).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Alimentarius Commission ("CAC"). These Codex-codified "fingerprints" (i.e., fatty acid and sterol profiles) are used as the standards for identifying various oils.

28. Food standards are proposed, evaluated, and adopted at CAC meetings. The CAC is made up of 189 members representing 188 countries and the European Union.[13] The Codex Electronic Working Group ("EWG") tasked with understanding and identifying the chemical properties of avocado oil, to be used as a means for identifying authentic samples of avocado oil, was chaired by Mexico and co-chaired by the U.S.[14] The EWG's purpose was to "define a 100% authentic and[/]or pure avocado oil, while promoting an inclusive proposal that considers the characteristics of avocado oil produced in the various regions of the world."[15] The EWG noted in its study "the problem of adulteration" in products acquired in supermarkets, which, for purposes of their study, was "intended to be avoided as much as possible."[16]

29. The CAC and EWG undertook the task of establishing and adopting a means for identifying pure authentic avocado oil because "recent growth in demand for healthier food products globally has seen a high value market develop for avocado oil. International agreement on the criteria included in the standard will help protect consumer health, facilitate trade, and provide a basis for determining the authenticity of the product."[17]

30. The CAC evaluated the Codex "fingerprint" for avocado oil based on the EWG's findings and recommendations during its 47th Session in Geneva, Switzerland in November 2024 and voted unanimously to adopt it as a standard means for identifying samples of pure authentic

---

[13] *See* https://www.fao.org/fao-who-codexalimentarius/about-codex/members/en/ (last visited Aug.16, 2026).

[14] *See* Codex Committee on Fats and Oils, *Draft Amendment/Revision to the Standard for Named Vegetable Oils (CSX 210-1999) Inclusion of Avocado Oil*, CX/FO 24/28/4 (Nov. 2023) (available at: https://www.fao.org/fao-who-codexalimentarius/sh-proxy/ar/?lnk=1&url=https%253A%252F%252Fworkspace.fao.org%252Fsites%252Fcodex%252FMeetings%252FCX-709-28%252FWorking%2BDocuments%252Ffo28_04e.pdf) (last visited Aug. 13, 2026).

[15] *Id.* at 2.

[16] *Id.*

[17] FAO, *FAO-WHO Codex Alimentarius Commission Adopts New Standards* (Nov. 11, 2024) (available at: https://www.fao.org/newsroom/detail/fao-who-codex-alimentarius-commission-adopts-new-standards-47session/en) (last visited Aug. 13, 2026).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

avocado oil.

**ii. *UC Davis Study on Avocado Oil Authenticity in Processed Foods***

31. Applying these Codex standards for identifying the "fingerprints" of authentic avocado oil, in 2026, a group of scientific researchers at UC Davis conducted a study of the authenticity of avocado and olive oil in certain processed foods, such as snack products, mayonnaise, and salad dressings, purchased in California retail stores and online, where the food labels declared a ***single oil*** (e.g., avocado oil or olive oil) in the label and ingredient list ("UC Davis Study"). Samples of several Siete brand tortilla and potato chip products were included in the Study.

32. The UC Davis Study found that:

> "Among the avocado oil-labeled products, 93% of chip samples were classified as inconsistent with authentic avocado oil based on combined fatty acid and sterol criteria. Similarly, 71% of mayonnaise samples and 100% of salad dressing samples were classified as inconsistent. These findings indicate that labeled claims of premium oils in processed foods do not consistently align with the chemical composition of the oil fraction."[18]

33. Of the 28 chip samples analyzed, only two were observed to be consistent with pure authentic avocado oil. Siete products fell within the majority of samples found to be ***inconsistent with pure authentic avocado oil***.

34. The UC Davis Study further found, based on the Codex standards, that the patterns identified for these adulterated chips, including Siete's, were "inconsistent with their labeled oil claims" and, instead, were "***consistent with substitution or dilution using vegetable oils***."[19]

35. The UC Davis Study was published in *Applied Food Research*, a peer-reviewed, open access academic journal published by Elsevier and devoted to scientific and technological applications of food science and engineering.

36. Based on the independent testing performed by UC Davis scientists in the UC Davis

---

[18] UC Davis Study at 3.

[19] *Id.* at 4 (emphasis added).

Study, Siete's Class Products do not conform to the Codex standards for products made with pure authentic avocado oil. Contrary to the *Avocado Oil Representation*, the Class Products are not "made with" authentic avocado oil but are adulterated or "made with" other lesser-value vegetable oils.

**C. The *Avocado Oil Representations* Are Material**

37. The *Avocado Oil Representations* are material – i.e., the representations are important to consumers in their decisions to purchase the Class Products. As the UC Davis Study observed:

> "[C]onsumers may reasonably interpret front-of-package oil claims as signals of meaningful product differentiation. Prior research demonstrates that ingredient based claims and 'free-from' labels can generate halo effects, shaping perceptions of healthiness and sustainability beyond what is objectively warranted. . . As front-of-package marketing increasingly emphasizes premium oils, understanding whether labeled oils meaningfully represent the lipid fraction is essential for consumer transparency."[20]

38. Avocado oil is well-known to be one of the healthiest edible fatty oils. Studies have indicated that compounds in avocado oil are linked to improved heart, skin and eye health, among other benefits.[21] Consumers purchase avocado oil products (and pay more for) them because they believe products made with avocado oil have benefits as compared to products made with other oils. "Thus, consumers would reasonably expect the named oil, particularly when emphasized through front-of-package claims such as 'made with 100% avocado oil' to be the primary lipid source of the product."[22]

39. Based on Defendants' *Avocado Oil Representations,* reasonable consumers believe that the Class Products are made ***only*** with pure authentic avocado oil. Reasonable consumers

---

[20] UC Davis Study at 2.

[21] *See* https://www.healthline.com/nutrition/9-avocado-oil-benefits (last visited Aug. 14, 2026).

[22] UC Davis Study at 4.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

expect the words "MADE WITH AVOCADO OIL" to mean that the products are made ***exclusively*** with avocado oil, and not an oil that is adulterated, mixed with other oils, or another type of oil altogether. This is especially true where, as here, avocado oil is listed as the sole fatty oil ingredient on the back-label ingredient list. Consumers of the Class Products reasonably expect to know what type of oil they are consuming.

40. Defendants know, or reasonably should know, that their Siete brand labeling is misleading consumers. Since at least 2020, the avocado oil industry has been aware of pervasive problems with adulteration and purity of avocado oils.[23] As producers, distributors, and sellers of snack products that claim to *exclusively* use avocado oil, Defendants are, or reasonably should be, aware of industry studies and trends and the problems with impurity and adulteration in the avocado oil market.

41. Defendants' false and misleading labeling also allows them to charge a higher price for their Siete products. As the UC Davis Study found, "'[r]etail prices showed consistent premiums for products labeled as containing avocado oil . . . relative to vegetable oil counterparts."[24] Consumers purchased, and continue to purchase, the Class Products in part because the *Avocado Oil Representations* convey the unequivocal message that the products are made only with avocado oil. Plaintiff and Class members would have paid less for the Class Products, or would not have purchased them at all, if not for the false *Avocado Oil Representations.* Plaintiff and Class members have, thus, suffered a financial injury by paying a price premium that the Class Products command in the market as a result of Defendants' representations that they are made only with avocado oil.

**D. Plaintiff Was Misled and Harmed by Defendant's False Labeling**

42. On approximately 20 different dates between 2024 and 2026, Plaintiff purchased multiple Class Products from various Costco, Target and Walmart retail locations located in California.

---

[23] *See, e.g.,* https://www.sciencedirect.com/science/article/pii/S0956713520302449?via%3Dihub (last visited Aug. 14, 2026).

[24] UC Davis Study at 4.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

43. Each Class Product that Plaintiff purchased prominently displayed the *Avocado Oil Representation* stating that the product was "MADE WITH AVOCADO OIL" on the front label of the package. Many also included a picture of an avocado underneath the *Avocado Oil Representation*, as depicted in ¶ 20. The ingredient list for each Class Product Plaintiff purchased listed avocado oil as the only fatty oil in the product's ingredients. Plaintiff read and relied on these statements when purchasing the Class Products and made her purchases because she wanted products made ***solely*** with pure authentic avocado oil. Plaintiff would not have purchased the Class Products, or would have paid less for them, had she known that they were combined, made, or adulterated with other oils and not made with only pure authentic avocado oil.

44. Plaintiff wants Defendants to fix their practices and sell products with accurate labeling. If Defendants fix their products so that they are, in fact, made with (and only with) pure avocado oil, Plaintiff would buy them again. However, absent this fix, Plaintiff will be unable to rely on the Class Products' *Avocado Oil Representation* in the future as she will be unable to determine the true contents absent scientific testing, and so will be unable to purchase the Class Products in the future, although she would like to. Plaintiff remains interested in purchasing products that contain ***only*** avocado oil, intends on purchasing them in the future, and would consider purchasing Siete brand Class Products in the future if Defendants ensured that their *Avocado Oil Representation* was accurate and truthful.

## **REASONABLE CONSUMER STANDARD**

45. The "reasonable consumer" standard applies to FAL and UCL claims[25], as well as to CLRA claims.[26]

46. A "reasonable consumer" is an ordinary consumer acting reasonably under the circumstances.[27] Such a consumer "need not be exceptionally 'acute and sophisticated,'" nor must

---

[25] *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950-951 (2002).

[26] *Aron v. U-Haul Co. of California*, 143 Cal.App.4th 796, 806 (2006).

[27] *Skinner v. Ken's Foods, Inc.*, 53 Cal.App.5th 938, 948 (2020), citing *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal.App.4th 663, 682 (2006).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

the consumer "necessarily be wary or suspicious of advertising claims."[28]

47. To meet the reasonable consumer standard, "a plaintiff need only show that members of the public are likely to be deceived" by the defendant's advertising.[29] Members of the public are likely to be deceived by advertising that is false and by advertising that, "although true, is either actually misleading or…has a capacity, likelihood, or tendency to deceive or confuse the public."[30]

48. As the U.S. Supreme Court has long recognized:

> ***Advertisements as a whole may be completely misleading although every sentence separately considered is literally true.*** This may be because things are omitted that should be said, or because advertisements are composed or purposefully printed in such way as to mislead. . . . ***That exceptionally acute and sophisticated readers might have been able by penetrating analysis to have deciphered the true nature of the contest's terms is not sufficient to bar findings of fraud by a factfinding tribunal. Questions of fraud may be determined in the light of the effect advertisements would most probably produce on ordinary minds. . . . People have a right to assume that fraudulent advertising traps will not be laid to ensnare them. 'Laws are made to protect the trusting as well as the suspicious.'***[31]

49. Reasonable consumers are not expected to look beyond misleading misrepresentations on the front of a package to discover truths in small print on the back.[32] Further, reasonable consumers are not required to be "versed in the art of inspecting and judging a product."[33] Consumers also are not required to undertake an investigation and make a one-to-one

---

[28] *Id.*, citing *Lavie v. Proctor & Gamble Co.*, 105 Cal.App.4th 496, 509-510 (2003).

[29] *Colgan*, 135 Cal.App.4th at 682.

[30] *Kasky*, 27 Cal.4th at 951.

[31] *Donaldson v. Read Magazine*, 333 U.S. 178, 188-189 (1948) (emphasis added, internal citations omitted).

[32] *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

[33] *Skinner*, 53 Cal.App.5th at 949, citing *Colgan*, 135 Cal.App.4th at 682.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

comparison of various competing products.[34]

50. As courts hold, it is "***an untenable position***" ***that "the hypothetical 'reasonable consumer'*** would, as a matter of law, examine the makeup of a [product]; that such a consumer would not rely upon the expertise of pharmacologists and doctors but ***would instead analyze the various concentrations of [ingredients] in each [product] and draw a personal conclusion*** about which ingredients he/she needed."[35]

51. Representations "may not be misleading in isolation, but are deceptive when considering the package and advertisement as a whole."[36] Thus, a "perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable."[37]

**EQUITABLE RELIEF**

52. As a result of Defendants' unlawful business practices, and the harm caused to Plaintiff and Class members, Defendants should be required to pay for all damages and/or restitution. Monetary compensation alone, however, is insufficient to remedy the ongoing harm caused to Plaintiff and Class members who are unaware of Defendants' deceptive conduct and will continue purchasing the Class Products, reasonably but incorrectly believing that they are purchasing products made only with avocado oil. Accordingly, injunctive relief requiring Defendants to cease their false and deceptive labeling practices with respect to the Class Products is necessary and appropriate.

53. At this early juncture, Plaintiff does not know whether the Court will accept a model for legal damages that Plaintiff will proffer in the future at the appropriate time, nor does Plaintiff

---

[34] *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 2014 U.S. Dist. LEXIS 117587, at *8-9 (C.D. Cal. 2014).

[35] *Brady v. Bayer Corp.*, 26 Cal.App.5th 1156, 1160 (2018) (emphasis added).

[36] *Mullins v. Premier Nutrition Corp.*, 178 F.Supp.3d 867, 889 (N.D. Cal. 2016). *See also Bruton v. Gerber Prods. Co.*, 2017 U.S. App. LEXIS 12833, at *3 (9th Cir. 2017) (noting that "even technically correct labels can be misleading"); *Lima v. Gateway, Inc.*, 710 F.Supp.2d 1000, 1007 (C.D. Cal. 2010) (holding that statements "cannot be considered in isolation because they contribute to the deceptive context of the advertising as a whole").

[37] *Day v. AT&T Corp.*, 63 Cal.App.4th 325, 332-333 (1998); *Aron*, 143 Cal.App.4th at 807.

know whether the Court will find that any such model adequately compensates Plaintiff's and the Classes' losses. Therefore, Plaintiff sets forth alternate theories of legal damages and equitable restitution.

54. As described in this Complaint, Defendants' material misrepresentations on the packaging of their Class Products are ongoing and represent an ongoing deception to Plaintiff and California consumers who are subjected to Defendants' misleading and false representations. Thus, on behalf of herself, the Classes, and the general public, Plaintiff seeks an injunction prohibiting Defendants from the marketing and packaging of the Class Products with the misleading and false *Avocado Oil Representations* described in this Complaint.

## CLASS ACTION ALLEGATIONS

55. As detailed above, Defendants are engaged in false and deceptive marketing, advertising, and product labeling. Defendants' customers are uniformly impacted by and exposed to this deceptive conduct.

56. Plaintiff brings this action under California Code of Civil Procedure § 382 on behalf of herself and the Classes defined as follows:

**California Class**

All natural persons who purchased at least one of the Class Products in the State of California within the applicable statute of limitations period.

**California Consumer Subclass**

All natural persons who purchased at least one of the Class Products in the State of California, for personal, family, or household purposes, within the applicable statute of limitations period.

57. Excluded from the Classes are the following individuals and/or entities: Defendants and their parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which a Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

58. The Classes that Plaintiff seeks to represent contain numerous members and are

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

ascertainable. Plaintiff reserves the right to amend or modify the class definitions and/or to add subclasses or limitations to particular issues.

59. By their unlawful actions, Defendants have violated California Business & Professions Code §§ 17200, *et seq*. and 17500, *et seq*. and California Civil Code § 1770. The questions raised are, therefore, of common or general interest to the Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

60. Numerosity: The proposed Classes are so numerous that joinder of all members would be impractical. The Class Products are sold throughout the State of California. The number of individuals who purchased Class Products during the relevant time period is at least in the hundreds, making joinder of individual cases impracticable. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

61. Typicality: Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendants' uniform unlawful conduct as alleged herein. Plaintiff's claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and all other Class members.

62. Common Questions of Law and Fact Predominate: There are questions of law and fact common to the proposed Classes that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation, the following:

a. Whether Defendants misrepresented material facts and/or failed to disclose material facts in connection with the manufacturing, packaging, marketing, distribution, and sale of the Class Products;

b. Whether Defendants' packaging, marketing, and labeling of Class Products are misleading and/or likely to deceive reasonable consumers;

c. Whether Defendants' use of the challenged packaging, i.e. the *Avocado Oil Representation*, constitutes false or deceptive advertising;

d. Whether Defendants engaged in unfair, unlawful and/or fraudulent business

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

practices;

e. Whether Defendants violated California Business & Professions Code § 17200, *et seq.*;

f. Whether Defendants violated California Business & Professions Code § 17500, *et seq.*;

g. Whether Defendants violated California Civil Code § 1770;

h. Whether Defendants' unlawful conduct, as alleged herein, was intentional and knowing;

i. Whether Defendants' marketing, advertising, packaging, and sale of Class Products caused Plaintiff and the Classes to suffer economic harm;

j. Whether Plaintiff and the Classes are entitled to damages and/or restitution, and if so, in what amounts;

k. Whether Plaintiff and the Classes are entitled to injunctive relief; and

l. Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

63. Defendants have engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff on behalf of the proposed Classes. Similar or identical statutory violations, business practices, and injuries are involved. The injuries sustained by proposed Class members flow, in each instance, from a common nucleus of operative fact, namely, Defendants' deceptive packaging and advertising of the Class Products. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of unlawful conduct. Each Class member has been exposed to the same deceptive practice: the labeling of Class Products as made exclusively with pure authentic avocado oil, when in fact the products are adulterated or made with lesser-value vegetable or other oils. Individual questions, if any, pale in comparison to the numerous common questions presented in this action.

64. Defendants have acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward Class members.

65. Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the other Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class members and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to those of the other Class members.

66. Superiority: Because the monetary damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it impossible or unlikely for individual Class members to seek redress for the wrongful conduct described herein. If Class treatment of these claims is not available, Defendants likely will continue their wrongful conduct, unjustly retain improperly obtained revenues, and otherwise escape responsibility for their wrongdoing.

67. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the class predominate over any questions affecting only individual members of the Classes. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases was required. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties, and protect the rights of each Class member. Further, it will prevent the very real harm that would be suffered by numerous putative Class members who simply will be unable to enforce individual claims of this size on their own, and by Defendants' competitors, who will be placed at a competitive disadvantage as their punishment for obeying the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

68. The prosecution of separate actions by individual class members may also create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

interests of other Class members not parties to those adjudications or would substantially impair or impede the ability of those non-party Class members to protect their interests. It would also run the risk of establishing inconsistent standards of conduct for Defendants.

**<u>FIRST CAUSE OF ACTION</u>**
**Violations of California's False Advertising Law**
**(Cal. Bus. & Prof. Code § 17500, *et seq*.)**
**(*For Plaintiff and the Classes*)**

69. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

70. California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq*., makes it unlawful for any person "with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, . . . to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ."

71. Defendants have represented, and continue to represent, to the public, including Plaintiff and members of the proposed Classes, through their deceptive packaging and product labeling, that the Class Products are made exclusively with pure authentic avocado oil. Because Defendants have disseminated misleading information regarding the Class Products, and Defendants know, knew, or should have known, through the exercise of reasonable care, that the *Avocado Oil Representations* are false and misleading, Defendants have violated the FAL.

72. Plaintiff and Class members have suffered injury-in-fact and have lost money as a result of Defendants' false and misleading representations. Indeed, Plaintiff and Class members purchased the Class Products *because of* Defendants' misrepresentations. Plaintiff and members of the proposed Classes would not have purchased the Class Products had they known that the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

*Avocado Oil Representations* described above were false and misleading.

73. As a result of Defendants' false advertising, they have and continue to unlawfully obtain money from Plaintiff and Class members. Plaintiff therefore requests that the Court cause Defendants to restore this fraudulently obtained money to her and members of the proposed Classes, to disgorge profits Defendants made on these transactions, and to enjoin Defendants from violating the FAL. Otherwise, Plaintiff and Class members may be irreparably harmed and/or denied an effective and complete remedy.

74. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of the proposed Classes as well as on behalf of herself and the general public.

75. Injunctive relief is necessary and appropriate to prevent Defendants from repeating or continuing their wrongful business practices alleged above.

76. Plaintiff and Class members have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amounts of Defendants' ill-gotten gains, and/or other sums as may be just and equitable.

77. Plaintiff takes upon herself enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Therefore, an award of attorneys' fees is appropriate under California Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION
**Violations of California's Unfair Competition Law**
**(Cal. Bus. & Prof. Code § 17200, *et seq*.)**
**(*For Plaintiff and the Classes*)**

78. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

79. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . ."

80. Under the UCL, a business act or practice is "unlawful" if it violates any established

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

state or federal law. Defendants' false and misleading advertising and labeling of the Class Products was and continues to be "unlawful" because it violates, *inter alia,* the CLRA, FAL, and Cal. Health & Safety Code §§ 110620 ("It is unlawful for any person to manufacture, sell, . . . or offer for sale any food that is adulterated.") and 110585 ("Any food is adulterated . . . (b) if any substance has been substituted wholly or in part therefor . . . [or] (d) if . . . any substance has been added thereto or mixed or packed therewith so as to . . . reduce its quality or strength or make it appear better or of greater value than it is."). As a result of their unlawful business acts and practices, Defendants have unlawfully obtained money from Plaintiff and proposed Class members.

81. Under the UCL, a practice is "unfair" if the conduct offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, as the benefits of committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendants' conduct was and continues to be of no benefit to purchasers of Class Products, as it is misleading, unfair, unlawful and injurious to consumers who rely on the packaging and Defendants' false *Avocado Oil Representation.* Deceiving consumers into believing the Class Products are made ***only*** with avocado oil, when they are not, is of no benefit – and is substantially injurious – to consumers. As a result of their unfair business acts and practices, Defendants have and continue to unfairly obtain money from Plaintiff and proposed Class members.

82. Under the UCL, a business act or practices is "fraudulent" if it actually deceives or is likely to deceive members of the consumer public. Defendants' conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing the Class Products are made exclusively with avocado oil. As a result of their fraudulent business acts and practices, Defendants have and continues to fraudulently obtain money from Plaintiff and proposed Class members.

83. Plaintiff has standing to pursue this claim as she has suffered an injury in fact and lost money or property as a result of Defendants' acts and practices as described herein. In particular, Plaintiff purchased and paid a price-premium for the Class Products based on Defendants' false and misleading *Avocado Oil Representations*. Had Defendants disclosed to Plaintiff that the Class Products were not made exclusively with avocado oil as advertised, Plaintiff

would not have purchased the Class Products or would have paid less for them.

84. As a direct and proximate result of Defendants' unlawful, unfair and fraudulent acts and practices, Defendants have received and continue to hold as ill-gotten gains money and property belonging to Plaintiff and the Classes.

85. Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of unfair, deceptive, and fraudulent business acts and practices and may order restitution by Defendants to Plaintiff for the practices alleged in this Complaint. Plaintiff and proposed Class members are entitled under Cal. Bus. & Prof. Code §§ 17203 and 17208 to restitution and restoration of all ill-gotten money and property belonging to Plaintiff and the Classes.

86. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff brings this action on behalf of the proposed Classes as well as on behalf of herself and the general public.

87. Plaintiff requests that the Court enjoin Defendants from violating the UCL as described herein. Injunctive relief is necessary and appropriate to prevent Defendants from repeating or continuing their wrongful business practices that are alleged above.

88. Plaintiff takes upon herself the enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Therefore, an award of attorneys' fees is appropriate under California Code of Civil Procedure § 1021.5.

**THIRD CAUSE OF ACTION**
**Violations of Consumer Legal Remedies Act**
**(Cal. Civ. Code § 1750, *et seq*.)**
**(*For Plaintiff and the California Consumer Subclass*)**

89. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

90. Plaintiff brings this claim individually and on behalf of the California Consumer Subclass against Defendants pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq*.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

91. At all relevant times, the Class Products were and are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Class Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

92. At all relevant times, Plaintiff and the California Consumer Subclass members were and are "consumers" within the meaning of Cal. Civ. Code § 1761(d).

93. At all relevant times, each Defendant was and is a "person" as defined in Cal. Civ. Code § 1761(c).

94. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have . . ." Defendants violated and continue to violate Cal. Civ. Code § 1770(a)(5) by representing that the Class Products have characteristics and ingredients (i.e., made *only* with avocado oil) that they do not have.

95. Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Defendants violated and continue to violate Cal. Civ. Code § 1770(a)(7) by representing that the Class Products have characteristics and ingredients (i.e., made *only* with avocado oil) that they do not have. Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices in that Defendants misrepresent the particular standard, quality, or grade of the Class Products.

96. Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Class Products as made *only* with avocado oil, but not intending to sell them as such (i.e., selling them with knowledge that they are adulterated or made with other oils), Defendants have violated Cal. Civ. Code § 1770(a)(9).

97. Cal. Civ. Code § 1770(a)(16) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." By marketing the Class Products as made *only* with avocado oil, but not intending to sell them as such (i.e., selling them with knowledge that they are adulterated or made with other oils), Defendants

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

have violated Cal. Civ. Code § 1770(a)(16).

98. Defendants' false and misleading representations were uniform and made with the intent to deceive Plaintiff and the proposed California Consumer Subclass and deprive them of their legal rights and money. Plaintiff and the California Consumer Subclass acted reasonably when they purchased the Class Products on the belief that Defendants' representations were true and lawful.

99. At all relevant times, Defendants have known or reasonably should have known that the *Avocado Oil Representation* on the Class Products' packaging is false and deceptive, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on it when purchasing the Class Products. Nonetheless, Defendants persisted in making the *Avocado Oil Representation* on the Class Products' labels to deceive consumers into believing they are buying and consuming products made exclusively with avocado oil.

100. Plaintiff and members of the California Consumer Subclass have justifiably relied on Defendants' misleading *Avocado Oil Representations* when purchasing the Class Products. Moreover, based on the materiality of Defendants' misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of the California Consumer Subclass.

101. Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendants because they would have paid less for the Class Products, or would not have purchased them at all, had they known that the *Avocado Oil Representation* was false.

102. Under Cal. Civ. Code § 1780(a), Plaintiff and the proposed California Consumer Subclass seek injunctive and equitable relief for Defendants' violations of the CLRA.

103. Attached hereto as Exhibit 1 is a declaration of venue pursuant to Cal. Civ. Code § 1780(d).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully pray for the following relief:

a. An order certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiff as a representative of the Classes, and appointing Plaintiff's counsel as lead counsel for the Classes;

b. A declaration that Defendants' actions, as described herein, violate the claims described herein;

c. An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the proposed Classes as a result of their unlawful, unfair and fraudulent business practices described herein;

d. An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class members, including, *inter alia,* an order prohibiting Defendants from engaging in the unlawful acts described above;

f. Damages as permitted by Cal. Civ. Code §§ 1780 and1782(d);

g. Payment of costs of the suit;

h. Payment of attorneys' fees and costs under Cal. Code of Civ. Proc. § 1021.5 and Cal. Civ. Code § 1780(e);

i. An award of pre- and post-judgment interest to the extent allowed by law; and

j. Such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated: August 18, 2026

**KELLER GROVER LLP**

By: ______________________________
ERIC A. GROVER
SARAH R. HOLLOWAY
*Attorneys for Plaintiffs*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**JURY DEMAND**

Plaintiff, on behalf of herself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

Respectfully submitted,

Dated: August 18, 2026

**KELLER GROVER LLP**

By: ______________________

ERIC A. GROVER
SARAH R. HOLLOWAY
*Attorneys for Plaintiffs*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**EXHIBIT 1**

**CLRA VENUE DECLARATION OF PLAINTIFF DEBRA BACHMAN**

I, Debra Bachman, hereby declare and state as follows:

1. I have personal knowledge of the facts stated herein and, if called upon to do so, could competently testify thereto.
2. I am the named Plaintiff in this action.
3. I submit this Declaration as required by California Civil Code § 1780(d).
4. This action is being brought in a county where Defendant Garza Food Ventures, LLC d/b/a Siete Foods and Defendant PepsiCo, Inc. do business and sell the Class Products at issue in this action. Defendants have numerous contacts in San Francisco County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed this 17th day of August, 2026 in Avalon, California.

DEBRA BACHMAN

DEBRA BACHMAN

CASE NUMBER: CGC-26-640067 DEBRA BACHMAN VS. GARZA FOOD VENTURES, LLC ET

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **JAN 20, 2027**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# Superior Court of California, County of San Francisco
## Information Sheet
## Voluntary Expedited Jury Trial Summary

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases. EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way. Voluntary EJTs are authorized by statute. CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.) EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;
- 8 jurors (6 must agree);
- 3 peremptory challenges per side;
- 5-hour time limit per side unless agreed otherwise and approved;
- One to two court days completion unless agreed otherwise and approved;
- Option to present evidence by stipulation and objection;
- High/low arrangement option;
- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
GARZA FOOD VENTURES, LLC d/b/a SIETE FOODS; PEPSICO, INC.; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
DEBRA BACHMAN, individually and on behalf of a class of similarly situated individuals

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court
Civic Center Courthouse
400 McAllister Street, San Francisco, California 94102

CASE NUMBER:
*(Número del Caso):*
~~CGC-26-640067~~

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, Esq. KELLER GROVER LLP, 1965 Market Street, San Francisco, CA 94103 (415) 543-1305

DATE: **08/20/2026** Clerk, by **MARIVIC VIRAY**, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[ SUPERIOR COURT OF CALIFORNIA · EUREKA · COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Keller Grover LLP<br>Eric A. Grover SBN 136080<br>1965 Market Street<br>San Francisco, CA 94103<br>TELEPHONE NO: (415) 543-1305 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: eric.grover@kellergrover.com<br>ATTORNEY FOR *(Name)*: Plaintiff | ELECTRONICALLY<br>**FILED**<br>*Superior Court of California, County of San Francisco*<br>**09/08/2026**<br>**Clerk of the Court**<br>**BY: ODIANA CIOFALO**<br>**Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: 400 McAllister Street, Room 103<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, 94102<br>BRANCH NAME: San Francisco - San Francisco - Civic Center | |
| PLAINTIFF / PETITIONER: DEBRA BACHMAN, et al.<br>DEFENDANT / RESPONDENT: GARZA FOOD VENTURES, LLC, et al. | CASE NUMBER:<br>CGC-26-640067 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>16757003 (29163274) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Notice to Plaintiff
3. a. Party served *(specify name of party as shown on documents served)*:
   GARZA FOOD VENTURES, LLC d/b/a SIETE FOODS
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System (CT Corp) - Henry Liwag, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 N Brand Blvd Suite 700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Sep 03 2026 (2) at *(time)*: 12:27 PM
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: DEBRA BACHMAN, et al.<br>DEFENDANT / RESPONDENT: GARZA FOOD VENTURES, LLC, et al. | CASE NUMBER:<br>CGC-26-640067 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)*: GARZA FOOD VENTURES, LLC d/b/a SIETE FOODS
   under the following Code of Civil Procedure section:
   ☐ 416.10 (corporation)
   ☐ 416.20 (defunct corporation)
   ☐ 416.30 (joint stock company/association)
   ☐ 416.40 (association or partnership)
   ☐ 416.50 (public entity)
   ☒ other: Corp. Code 17701.16, LLC
   ☐ 415.95 (business organization, form unknown)
   ☐ 416.60 (minor)
   ☐ 416.70 (ward or conservatee)
   ☐ 416.90 (authorized person)
   ☐ 415.46 (occupant)

7. **Person who served papers**
   a. Name: Jimmy Lizama
   b. Address: 5341 Old Redwood Highway, Suite 310, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: $50.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 4553
   (iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: September 8, 2026

Jimmy Lizama

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA 94954
800-938-8815

(SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Keller Grover LLP<br>Eric A. Grover SBN 136080<br>1965 Market Street<br>San Francisco, CA 94103<br>TELEPHONE NO: (415) 543-1305 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: eric.grover@kellergrover.com<br>ATTORNEY FOR *(Name)*: Plaintiff | ELECTRONICALLY<br>FILED<br>*Superior Court of California, County of San Francisco*<br>09/08/2026<br>Clerk of the Court<br>BY: ODIANA CIOFALO<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: 400 McAllister Street, Room 103<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, 94102<br>BRANCH NAME: San Francisco - San Francisco - Civic Center | |
| PLAINTIFF / PETITIONER: DEBRA BACHMAN, et al.<br>DEFENDANT / RESPONDENT: GARZA FOOD VENTURES, LLC, et al. | CASE NUMBER:<br>CGC-26-640067 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>16757004 (29163273) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Notice to Plaintiff
3. a. Party served *(specify name of party as shown on documents served)*:
   PEPSICO, INC.
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System (CT Corp) - Henry Liwag, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 N Brand Blvd Suite 700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Sep 03 2026 (2) at *(time)*: 12:27 PM
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: DEBRA BACHMAN, et al.<br>DEFENDANT / RESPONDENT: GARZA FOOD VENTURES, LLC, et al. | CASE NUMBER:<br>CGC-26-640067 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)*: PEPSICO, INC.
   under the following Code of Civil Procedure section:
   - ☒ 416.10 (corporation)
   - ☐ 416.20 (defunct corporation)
   - ☐ 416.30 (joint stock company/association)
   - ☐ 416.40 (association or partnership)
   - ☐ 416.50 (public entity)
   - ☐ other:
   - ☐ 415.95 (business organization, form unknown)
   - ☐ 416.60 (minor)
   - ☐ 416.70 (ward or conservatee)
   - ☐ 416.90 (authorized person)
   - ☐ 415.46 (occupant)

7. **Person who served papers**
   a. Name: Jimmy Lizama
   b. Address: 5341 Old Redwood Highway, Suite 310, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: $50.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 4553
   (iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: September 8, 2026

Jimmy Lizama

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
5341 Old Redwood Highway, Suite 310
Petaluma, CA 94954
800-938-8815

(SIGNATURE)